OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 
 *685
 
 The Trial Judge denied defendant’s motion for a severance in the expectation that redaction of the codefendant’s confession would sufficiently protect defendant from prejudice through introduction of the confession. Although that decision when made may not have been an abuse of discretion as a matter of law, it is not final if on retrospective review by an appellate court it appears that impairments of defendant’s rights unforeseen when the original ruling was made have occurred
 
 (People v Cruz,
 
 66 NY2d 61, 72;
 
 People v Payne,
 
 35 NY2d 22;
 
 People v Fisher,
 
 249 NY 419). A defendant is entitled to a new trial if events or evidence introduced during the trial materially reduce the probability that the redaction effectively afforded the protection it was intended to provide
 
 (People v Jackson, 22
 
 NY2d 446;
 
 People v Burrelle,
 
 21 NY2d 265;
 
 People v La Belle,
 
 18 NY2d 405;
 
 see, People v Cruz,
 
 66 NY2d, at p 73,
 
 supra),
 
 and defendant’s initial motion for severance preserves the question for our review
 
 (People v Boone, 22
 
 NY2d 476).
 

 Here, as in
 
 People v Jackson (supra),
 
 effectiveness of the redaction was all but negated by the Trial Judge’s slip of the tongue in using defendant’s name when referring to the codefendant’s "taped denial of knowledge that
 
 Camilo
 
 Lopez— I’m sorry. Strike that * * * Mas’ [codefendant’s] taped denial of knowledge that
 
 anyone
 
 was going to use a sawed-off rifle” (emphasis supplied). And any remaining effectiveness was destroyed when the People were allowed over objection to present evidence that the Spanish nickname of the third, unapprehended, participant, who according to the codefendant’s statement did not possess the rifle, meant "the one with the limp or gimpy,” and that defendant-did not walk with a limp, of which factors the Assistant District Attorney made full use in summation.
 

 Thus, the testimony and the Trial Judge’s comment completely nullified the purpose of the redaction. And, as in
 
 Jackson
 
 (22 NY2d, at p 450,
 
 supra)
 
 and
 
 Bruton v United States
 
 (391 US 123, 137), the Trial Judge’s direction to "strike that” and her limiting instructions with respect to the codefendant’s confession were no "adequate substitute for [defendant’s] constitutional right of cross-examination.”
 

 Moreover, the People’s argument that the error was harmless beyond a reasonable doubt does not withstand analysis. It
 
 *686
 
 is predicated on the identification of defendant by one of the four persons who were robbed or observed the robbers leaving the premises, the fact that when defendant was arrested three days later the murder weapon lay at his feet in the back seat of the car in which he was riding, and that he had then reached for the rifle with his left hand, there being evidence that the shooter was left-handed. But the inability until some 16 months after the incident of the one witness (out of four) who was able to identify defendant positively and the presence of three other persons in the car with defendant and the rifle when he was apprehended make it impossible to conclude that the denial of defendant’s right of confrontation of the codefendant was harmless beyond a reasonable doubt
 
 (People v Smalls, 55
 
 NY2d 407;
 
 People v Boone, supra).
 

 In view of that conclusion it is unnecessary to consider defendant’s further arguments.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
 

 Order reversed, etc.