■ The People of the State of New York, Respondent, v Leonard J. Fridella, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (Rohl, J.), both rendered April 2, 1984, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the second degree, under indictment No. 1964/83 and criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree under indictment No. 2848/83, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The evidence adduced at the joint trial of these indictments, when viewed in a light most favorable to the People, was sufficient to permit a rational trier of the facts to find that the defendant was guilty of the crime charged *(see, People v Contes,* 60 NY2d 620, 621). Further, ample evidence was

produced to support the jury's finding that the defendant was not a mere agent of the buyer but had in fact played an active role in the transaction *(see, People v Lam Lek Chong,* 45 NY2d 64; *People v Gonzales,* 66 AD2d 828).

We also find that while the trial prosecutor concededly did not comply with the provisions in CPL 240.45 by failing to turn over to the defense certain of the numerous tapes which contained conversations between the defendant and the informant before his opening statement, reversal is not required. Defense counsel was given the missing tapes before cross-examination of the witness involved therein and the court granted a continuance for him to listen to the tapes and prepare his cross-examination. Absent bad faith on the part of the prosecutor or prejudice to the defendant, neither of which are present here, the appropriate remedy for noncompliance with the statutory requirement that the material be delivered before, rather than after, the People's opening address is an adjournment, not preclusion *(see, People v Donald,* 107 AD2d 818; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 240.70, p 418; *see also, People v Ranghelle,* 69 NY2d 56). Thus, reversal is not warranted.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.