■ The People of the State of New York, Respondent, v David Sykes, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered September 12, 1986, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the third degree, under the seventh count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt of criminal possession of a weapon under the eighth count of the indictment. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (CPL 470.15 [5]). Although the pistol was found on the floor of the apartment where the defendant was arrested, the complainant

identified it as the pistol she had seen in the defendant's possession shortly before the arrest. Since criminal possession of a weapon is a continuing offense, the jury could conclude, under these circumstances, that the defendant constructively possessed the gun at the time he was arrested because he had asserted dominion and control over it *(see,* Penal Law § 10.00 [8]; *see also, Matter of Johnson v Morgenthau,* 69 NY2d 148).

However, upon the exercise of our factual review power, we find the evidence insufficient to establish that the defendant acted in concert with his codefendant in possessing the gun taken from the codefendant. Accordingly, the conviction based on acting in concert in possessing the other gun must be reversed.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.