■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FERNANDO RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Howard E. Goldfluss, J.), rendered May 27, 1982, which convicted defendant, after a jury trial, of the crimes of robbery in the first degree (Penal Law § 160.15) and of burglary in the first degree (Penal Law § 140.30), and sentenced him, as a second violent felony offender, to two concurrent indeterminate terms of imprisonment of from 10 to 20 years, is unanimously reversed, on the law and on the facts, judgment vacated and the matter is remanded for a new trial.

Sometime after 2:00 A.M., on October 20, 1981, Mr. Fred Mendez (complainant) reported to the police that, a few minutes before, he had been robbed, at knifepoint, by four men of United States currency and personal property when his home, located at 772 Union Avenue in Bronx County, had been burglarized. Thereafter, within an hour, based upon the complainant's identification, defendant, together with Messrs. Edwin "Benny" Andujar and Wilson Johnson, while walking in the vicinity of 160th Street and Prospect and Westchester Avenues in Bronx County, were arrested for those crimes. At the time of his arrest, Mr. Andujar, who was the superintendent of 1 of 4 buildings owned by complainant, told the police that defendant and Mr. Johnson had nothing to do with the incident, since those crimes had been committed by himself, with Messrs. Pedro "Petey" Flores and Frankie Nieves.

Following the indictment of defendant, and Messrs. Andujar and Johnson, for the crimes of robbery in the first degree (Penal Law § 160.15), robbery in the second degree (Penal Law § 160.10 [two counts]), burglary in the first degree (Penal Law § 140.30 [two counts]), assault in the second degree (Penal Law § 120.05 [two counts]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01), Mr. Andujar agreed to cooperate with the People, in exchange for a negotiated plea of guilty to the crime of robbery in the first degree, in full satisfaction of the indictment, and a lenient sentence. Furthermore, Mr. Nieves, mentioned *supra,* who was a nephew of Mr. Andujar's common-law wife, also cooperated with the People in exchange for a grant of immunity. Thereafter, Messrs. Andujar and Nieves implicated defendant and Mr. Johnson in the commission of the subject crimes.

After a month-long joint trial, the jury found the defendant and Mr. Johnson guilty of the crimes of robbery in the first degree and burglary in the first degree.

Our review of the trial transcript indicates that proof of defendant's guilt was far from overwhelming, since we find

the strength of the People's case against defendant was undermined by the significant evidence of self-interest indicated in the testimony of Messrs. Andujar and Nieves and the complainant, who were the People's key witnesses.

For example, as mentioned *supra,* the People obtained the cooperation of Messrs. Andujar and Nieves by giving them favorable consideration. Both of those witnesses, who were not strangers to the criminal justice system, since they had prior criminal records, admitted in their testimony a willingness to lie in order to benefit themselves.

Moreover, our examination of the complainant's testimony indicates he admittedly had a sexual relationship with the common-law wife of Mr. Andujar which predated the crimes, had attempted to conceal the fact that he had accompanied her to an interview with Mr. Andujar's attorney, and had requested lenient treatment for Mr. Andujar.

Since defendant's defense was based on alibi, in that he contended that when the instant crimes took place, the defendant and Mr. Johnson were playing cards in Mr. Johnson's mother's home with Mr. Johnson's mother and common-law wife, a substantial issue was presented by the equivocal identification testimony by the complainant, who was approximately 78 years old at the time of trial, and blind in one eye.

Prior to trial, an investigator for Mr. Johnson's trial counsel showed four photographs to complainant. Thereafter, the complainant identified the individuals in those photographs as the perpetrators of the crimes. While it is undisputed that Mr. Johnson's photograph was among them, it is also undisputed defendant's photograph was not. Furthermore, two of the other photographs identified by complainant were of a person who was in prison when the crimes were committed and of complainant's own grandson.

When, during the trial, defendant's counsel learned of the details of those photographs, he moved to introduce them into evidence and cross-examine complainant about them, in order to attack his credibility by indicating to the jury the extent of the complainant's misidentifications. However, upon the basis that these photographs would necessarily open the door to the positive identification of the defendant's codefendant, Mr. Johnson, the trial court denied defendant's counsel's motion, and further, curtailed reference to the photographs in counsel's cross-examination of the complainant. In response, the defendant moved for a severance, since he contended that this trial court ruling irreparably damaged the defense.

Pursuant to CPL 200.40, the prosecution of two or more persons charged with the same offense or offenses may be joined for trial. Nevertheless, contained in that section of the CPL is a provision *(see,* CPL 200.40 [1] [d] [iii]) which permits a court, upon motion, to order separate trials when, in substance, a joint trial will unduly prejudice an accused.

While an application for a severance is addressed to a trial court's discretion, and its ruling on that motion will normally not be disturbed, such discretion is not absolute. The Court of Appeals in *People v Lopez* (68 NY2d 683, 685 [1986]) has stated "[a]lthough that decision when made may not have been an abuse of discretion as a matter of law, it is not final if on retrospective review by an appellate court it appears that impairments of defendant's rights unforeseen when the original ruling was made have occurred".

Before us, the defendant contends the trial court erred in denying his motion for a severance.

Based upon our review of the evidence, we find that the serious question of the reliability of the complainant's identification of the defendant and the doubtful credibility of Messrs. Andujar and Nieves lead us to conclude that the trial court abused its discretion in denying a severance, since "it appears that impairments of defendant's rights * * * have occurred". *(People v Lopez, supra,* at 685.)

Accordingly, we reverse and remand for a new trial. Concur —Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.