■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PROVENZANO, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Delin, J.), both rendered September 13, 1985, convicting him, of (1) conspiracy in the fourth degree under indictment No. 58899, upon a jury verdict, and (2) attempted criminal sale of a controlled substance in the third degree under indictment No. 58976, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In addition, we conclude that the trial court did not improvidently exercise its discretion in denying the defendant's application for a severance since "[t]he defendant failed to make a * * * showing that he would be unduly and genuinely prejudiced by the joint trial" *(People v Telford,* 134 AD2d 632; *People v Cunningham,* 110 AD2d 708). Moreover, the record does not indicate that the failure to sever resulted in an injustice or impairment of the defendant's rights *(see, People v Lopez,* 68 NY2d 683; *People v Cruz,* 66 NY2d 61, 72; *People v Payne,* 35 NY2d 22).

The defendant's claim with respect to the People's delay in producing *Rosario* material is unpreserved for appellate review since he never moved for a mistrial on this ground *(see,* CPL 470.05 [2]). In any event, the record reveals that the defendant was not substantially prejudiced by the delay *(see, People v Ranghelle,* 69 NY2d 56, 63) inasmuch as the material was produced before defense counsel examined the witness and counsel did not seek an adjournment *(see, People v Barreto,* 143 AD2d 920; *People v Fridella,* 126 AD2d 561).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.