■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRUNSON, Appellant.—Judgment, Supreme Court, New York County (William Davis, J.), rendered May 15, 1987 convicting defendant, after a jury trial, of grand larceny in the third degree and sentencing him to an indefinite term of 2 to 4 years, is unanimously modified to reduce the conviction to petit larceny and remand the matter for resentencing, and otherwise affirmed.

The trial evidence overwhelmingly established that while an accomplice distracted the register clerk in a grocery store, defendant reached into the opened cash register and stole $641. The culprits were immediately restrained, the money was recovered, and the thieves were arrested upon the immediate arrival of the police.

While we conclude that the elements of larceny were proved beyond a reasonable doubt, we note the People's concession that defendant should receive the ameliorative benefits of an amendment to the grand larceny in the third degree statute *(see,* Penal Law § 155.30 [now fourth degree]), which was enacted after the crime, but before trial. The amendment

increased the monetary threshold of grand larceny in the third degree from $250 to $1,000. Accordingly, we modify to reduce the conviction as noted above *(see, People v Behlog,* 74 NY2d 237 [1989]).

We hold that the challenged inculpatory statements made in the holding cell by defendant and the codefendant, who was not tried with defendant and did not testify at trial, did not violate defendant's right of confrontation. Although it could not be discerned which of the two made which inculpatory statement, neither statement facially implicated the defendant, and both relied on neutral pronouns. We are persuaded that introduction of the statements, which constituted admissions, did not constitute error *(see, Richardson v Marsh,* 481 US 200, 208-209; *United States v Tutino,* 883 F2d 1125, 1135; *compare, People v Lopez,* 68 NY2d 683).

Defendant's claim of failure to preserve evidence is unpreserved for review as a matter of law (CPL 470.05 [2]).

We have examined defendant's remaining contentions and find them to be without merit. Concur—Ross, J. P., Carro, Asch and Rubin, JJ.