■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN J. CHARNOCK, III, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). There is no merit to his contention that the evidence was legally insufficient to support the verdict. During the execution of a search warrant at the apartment of defendant's fiancee, one gun was found under a stereo cabinet some two feet from the place where defendant was lying on the floor. That handgun was seized after defendant, upon the approach of a police officer, reached in the direction of the stereo cabinet. A second gun was found in the closet of an adjacent bedroom. Testimony revealed that defendant previously had been in possession of several handguns at the apartment and had attempted to sell them to his fiancee's brother. Moreover, although defendant did not reside at the apartment, he occasionally spent the night there and was frequently on the premises. He kept a change of clothes and some personal effects in the adjacent bedroom. The evidence, viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to support a finding that defendant was in constructive possession of the weapons *(see, People v Sykes,* 142 AD2d 697, *lv denied* 72 NY2d 1050; *People v Ogelsby,* 128 AD2d 556, *lv denied* 69 NY2d 1007). We also conclude that the court's verdict was not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490).

The record does not support defendant's contention that the prosecution withheld *Rosario* or *Brady* material and does not provide a sufficient factual basis to resolve defendant's claim that he was denied a speedy trial. Defendant's contention that the handguns should have been suppressed was not preserved for appellate review *(see,* CPL 710.70 [3]; *People v Coleman,* 56

NY2d 269, 274), and the remaining issues raised in his supplemental *pro se* briefs are devoid of merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.