■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered April 17, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the codefendant's appeal, this court held that the trial court did not err in closing the courtroom to the public during the testimony of an undercover police officer *(see, People v Weaver,* 162 AD2d 486). The defendant has failed to offer any persuasive reason for this court to depart from its prior determination of this issue.

The defendant contends that he was denied a fair trial because the People delayed in producing certain *Rosario* material, specifically, a chemist's notes and a voucher and request for lab examination prepared by an undercover police officer. We conclude that reversal of the defendant's conviction is not warranted, as the defense was not substantially prejudiced by this delay *(see, People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56). The People timely produced

the chemist's report, which was based on his notes, as well as a copy of the undercover officer's buy report and daily activity report. The remaining documents were made available to defense counsel while the witnesses were still subject to cross-examination, and defense counsel did not request an adjournment to review this material *(see, e.g., People v Provenzano,* 154 AD2d 486).

The defendant's contention that the People failed completely to produce other documents which allegedly constituted *Rosario* material is without merit. Eiber, J. P., Rosenblatt, O'Brien and Ritter, JJ., concur.