■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL COWAN, Appellant. [598 NYS2d 987] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered January 14, 1992, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention with respect to the trial court's

*Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), is without merit. The prior convictions of robbery and burglary which the court did not exclude as a subject of cross-examination in the event that the defendant took the stand were directly probative of his credibility, inasmuch as those convictions involved acts of individual dishonesty and untrustworthiness *(see, People v Pavao,* 59 NY2d 282; *People v Hamlin,* 153 AD2d 644; *People v Johnson,* 122 AD2d 812).

Moreover, the defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt of criminal possession of a weapon in the third degree *(see,* Penal Law § 265.02 [4]) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence adduced at the trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant was convicted of unlawfully possessing a loaded gun. Although the gun was found behind a trailer on a deserted street, behind which the defendant had fled immediately prior to his apprehension, the complainants identified the gun as the gun they had observed in his possession shortly prior thereto. Since criminal possession of a weapon is a continuing offense, the jury could conclude, under these circumstances, that the defendant constructively possessed the gun at the time he was apprehended because he had asserted dominion and control over it *(see,* Penal Law § 10.00 [8]; *People v Sykes,* 142 AD2d 697). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.