■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VIDAL, Appellant. [651 NYS2d 328] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered February 22, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Justice O'Brien has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The defendant's contention that the court's *Sandoval* ruling was erroneous is largely unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, is without merit *(see, People v Walker,* 83 NY2d 455, 460-462; *People v Carr,* 229 AD2d 446; *People v Ingram,* 205 AD2d 801; *People v McFarlane,* 205 AD2d 447; *People v Cowan,* 193 AD2d 753; *People v Alexander,* 176 AD2d 947; *People v Boyd,* 150 AD2d 786; *People v Magee,* 126 AD2d 573). Nor was the defendant prejudiced by the late disclosure of the chemist's notes *(see, People v Thomas,* 177 AD2d 728; *People v Provenzano,* 154 AD2d 486; *People v Barreto,* 143 AD2d 920).

The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or relate to harmless error. Miller, J. P., O'Brien, Altman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLUS WASHINGTON, Appellant. [651 NYS2d 885] —Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Mackston, J.), imposed July 6, 1995, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed.

The defendant waived his right to appeal as a part of a negotiated plea agreement *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). Nevertheless, we have considered the defendant's contention that the sentence imposed was excessive, and find it without merit *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Miller and Copertino, JJ., concur.