People v Williams (2019 NY Slip Op 00625)





People v Williams


2019 NY Slip Op 00625


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-05678
 (Ind. No. 10274/14)

[*1]The People of the State of New York, respondent,
v
Terrell Williams, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered May 20, 2016, convicting him of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371), which permitted the prosecutor to inquire about the defendant's prior conviction for attempted robbery in the event that the defendant decided to testify. Evidence of this conviction was probative of the defendant's credibility because it bore on his willingness to place his own interests above those of society (see People v Pavao, 59 NY2d 282, 292; People v Thomas, 8 AD3d 506; People v Cowan, 193 AD2d 753, 754).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during his summation is unpreserved for appellate review (see People v Tonge, 93 NY2d 838; People v Dunning, 148 AD3d 1047; People v Spencer, 87 AD3d 751, 753, affd 20 NY3d 954). In any event, this contention is without merit, since the comments alleged to be prejudicial were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, or a fair response to defense counsel's summation (see People v Ashwal, 39 NY2d 105, 109-110; People v Marcus, 112 AD3d 652; People v Rogers, 106 AD3d 1029; People v Birot, 99 [*2]AD3d 933).
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court