■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE TUCKER, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered April 11, 1983, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was indicted and charged with two counts of second degree murder and one count of first degree murder based on the July 1982 beating death of Mary Bicak, a 71-year-old woman, which occurred in the City of Albany. After a trial, one count of second degree murder was submitted to the jury. Defendant was found guilty and was sentenced, as a juvenile offender, to an indeterminate term of imprisonment of nine years to life. This appeal ensued.

Initially, defendant alleges as error the trial court's denial of his motion challenging the Albany County jury selection process, which is based on the rolls of registered voters. The basis for the motion was the alleged racial disparity between the jury panel and the demographic characteristics of the County as shown in the 1980 Federal census report. Whether a challenge to the jury selection process is based on the equal protection clause or the due process clause, it must be supported by a demonstration of the demographic breakdown of the jury panels selected in order to show some systematic discrimination *(see, Duren v Missouri,* 439 US 357; *People v Guzman,* 60 NY2d 403, *cert denied* 466 US 951; *People v Parks,* 41 NY2d 36). Defendant's application, supported as it was only by a comparison of the demographics of Albany County with the jury panel, was properly denied.

Defendant also contends that the evidence adduced at trial

does not support the verdict. The count submitted to the jury charged second degree felony murder (Penal Law § 125.25 [3]) in that defendant or his codefendant, in the course of committing a robbery, killed Bicak. Since the conviction was based primarily on circumstantial evidence, guilt must flow naturally from the record and every reasonable hypothesis of innocence must be excluded to a moral certainty *(People v Kennedy,* 47 NY2d 196, 204-205; *People v Benzinger,* 36 NY2d 29, 32).* The evidence must be viewed in the light most favorable to the People since it is assumed that the jury credited the prosecution's proof *(People v Bracey,* 41 NY2d 296, 302).* Here, the proof establishes that on July 22, 1982, police officers found the badly beaten body of Bicak under a sofa bed in her apartment at the Ida Yarborough Apartments. Her hands and feet had been bound with electrical cords and it was established that she had died sometime between July 15 and July 17, 1982. Defendant's girlfriend testified that on July 16, 1982, defendant and the codefendant left defendant's apartment at 2:00 A.M., "to do business". They carried tools, including pliers and scissors. They returned at about 5:30 A.M. Defendant was carrying an old, gold, lady's watch, which he told his girlfriend he got from "a hit with some old lady" at the senior citizens building. She also testified that she overheard defendant and the codefendant arguing about having beaten and tied up an old lady and placing her in a couch. Finally, the girlfriend testified that defendant warned her that the police would be questioning her about a murder and threatened her that she should leave town. The People also offered the testimony of another individual to whom defendant had made inculpatory statements. It is clear that the verdict was fully supported by the evidence offered by the People.

We reject defendant's contentions regarding the jury charge. With regard to the charge on circumstantial evidence, since defendant failed to request a charge or object to the charge given, he has not preserved this issue for review *(see, People v Thomas,* 50 NY2d 467, 471).* Even if the issue was properly raised, it is apparent that the charge on circumstantial evidence was adequate. With regard to the charge on alibi witnesses, even assuming that it was properly objected to, it was in compliance with the principles set forth in *People v Dawson* (50 NY2d 311, 322-323).

Lastly, we turn away defendant's assertion that the prosecutor made any improper comments which denied defendant a fair trial.

Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.