■ The People of the State of New York, Respondent, v Trevor Haye, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 23, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's Sixth Amendment challenge to the jury panel as underrepresentative of the black population of Nassau County was both procedurally and substantively inadequate and, hence, properly rejected by the trial court. The defendant's written submission contesting the composition of the panel simply asserted: "Pursuant to CPL 270.10, defendant TREVOR P. HAYE hereby challenges the panel herein based on racial imbalance namely, lack of black and/or minority panel members (3 out of approximately 72)", and, as such, did not comply with the statutory mandate requiring "a written

detailed notice" *(People v Parks,* 41 NY2d 36, 41), specifying "the facts constituting the ground of challenge" (CPL 270.10 [2]). Even in the absence of this procedural obstacle, however, the defendant's failure to demonstrate that the claimed underrepresentation of blacks was the result of systematic exclusion, i.e., "inherent in the particular jury-selection process utilized" *(Duren v Missouri,* 439 US 357, 366), requires rejection of his challenge *(see, People v Guzman,* 60 NY2d 403, 411, *cert denied* 466 US 951; *People v Bessard,* 148 AD2d 49; *People v Waters,* 125 AD2d 615).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.