■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE ORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered July 16, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Schneier, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that he was subjected to an improper showup procedure at the police precinct, at which time he was identified by the complainants, and that any in-court identification of him by the complainants should have been suppressed. We disagree.

There was no evidence adduced by the People at the Wade hearing to indicate that any showup identification occurred in the instant case. Moreover, at the Wade hearing, the defense

rested without presenting any evidence. It was only during the trial, i.e., during the cross-examination of a People's witness, that defense counsel elicited testimony concerning a showup procedure which had been conducted by the police at the precinct, and of which the People were apparently unaware. Nevertheless, defense counsel neither requested the reopening of the *Wade* hearing nor moved for a mistrial. Under these circumstances, the defendant's argument has not been preserved for appellate review *(see, People v Udzinski,* 146 AD2d 245).

The defendant also contends that the People failed to prove his identity as the robber beyond a reasonable doubt. Viewing the evidence adduced at trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant further contends that since both complainants were individuals of unsavory character, they were not worthy of belief by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's other contentions and find them to be unpreserved for appellate review, without merit, or harmless. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.