■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 18, 1989, convicting him of assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in permitting the prosecutor to cross-examine the defendant's eyewitness regarding his failure to come forward to law enforcement officials upon learning of

the defendant's arrest. The prosecutor laid a proper foundation for such questioning *(see, People v Dawson,* 50 NY2d 311), and did not improperly indicate that the witness was obligated to come forward *(see, People v Payne,* 50 NY2d 867). While the court should have granted the defendant's request to charge the jury that the witness was not obligated to come forward *(see, People v Dawson, supra),* we find the error to be harmless in light of the overwhelming evidence against the defendant *(see, People v Crimmins,* 36 NY2d 230).

The defendant also contends that the prosecution failed to prove that the victim suffered "serious physical injury" within the meaning of Penal Law § 120.10 (3). However, the defendant did not make any reference to such an argument at the time that he made his motions to dismiss the indictment, made at the close of the People's case, and at the conclusion of all evidence. The defendant's present contention, which is thus being asserted for the first time in this court, has therefore not been properly preserved for appellate review *(see, People v Gomez,* 67 NY2d 843, 844-845; *People v Dekle,* 56 NY2d 835, 837; *People v Stahl,* 53 NY2d 1048, 1050; *People v Patel,* 132 AD2d 498) and we decline to review it in the exercise of our interest of justice jurisdiction.

We further find that the sentence was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.