■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered March 21, 1989, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and escape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court improvidently exercised its discretion by allowing the prosecutor to cross-examine the defense witness regarding her failure to come forward to law enforcement officials with the substance of her exculpatory testimony. We disagree. A proper foundation was elicited before the prosecutor commenced this line of questioning *(see, People v Dawson,* 50 NY2d 311, 322). Moreover, following this questioning the court instructed the jury that this witness was not obligated to come forward *(see, People v Payne,* 50 NY2d 867; *People v Davis,* 172 AD2d 553).

We also disagree with the defendant's contention, raised in his supplemental *pro se* brief, that he was denied a fair trial because of the unavailability of certain *Rosario* material, since the record fails to demonstrate that this material ever existed.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either without merit or are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Nimmons,* 72 NY2d 830; *People v Shaw,* 150 AD2d 626; *People v Addison,* 174 AD2d 627; *People v Suitte,* 90 AD2d 80). Eiber, J. P., Rosenblatt, O'Brien and Ritter, JJ., concur.