■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO THOMAS, Appellant. [595 NYS2d 693] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered September 23, 1991, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN THOMAS, Appellant. [595 NYS2d 72] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 21, 1989, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was entitled to a missing witness charge because the complainant did not testify at trial. However, the People's evidence showed that a sufficient-

ly diligent effort had been made to locate the witness and he was no longer available to the People *(see, People v Coit,* 128 AD2d 545; *People v McCullers,* 119 AD2d 835).

The trial court did not err in permitting the prosecutor to cross-examine the defendant's alibi witnesses regarding their failure to come forward to law enforcement officials upon learning of the charges against the defendant. The prosecutor laid a proper foundation for such questioning *(see, People v Dawson,* 50 NY2d 311; *People v Davis,* 172 AD2d 553). Moreover, the court instructed the jury that the witnesses were not obligated to come forward *(see, People v Dawson, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.