■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. WOOLFOLK, Appellant. [596 NYS2d 573] —Crew III, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered August 13, 1990 in Broome County, upon a verdict convicting defendant of the crimes of bribing a witness and conspiracy in the fifth degree.

Defendant seeks reversal of his conviction primarily on the

ground that he was denied his constitutional and statutory right to be present during a material stage of the proceedings *(see,* US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20). Defendant's claim is based upon his absence during a part of the jury selection process. At the conclusion of voir dire, counsel approached the bench and, at a side bar, informed Supreme Court of their respective peremptory challenges. The jurors so challenged were then excused without the remaining jurors knowing which of the parties had excused the respective jurors *(see,* CPL 270.15 [2]). Defendant's contention that such procedure requires reversal in accordance with the principle enunciated in *People v Antommarchi* (80 NY2d 247) is without merit. The Court of Appeals has recently held that *Antommarchi* applies only to cases in which jury selection took place after October 27, 1992, the date that *Antommarchi* was decided *(see, People v Mitchell,* 80 NY2d 519, 529).

Next, we reject defendant's claim that he was denied a representative venire from which to choose a jury because there was only one black person present and that person was not selected. Defendant provided no facts tending to demonstrate the existence of a systematic exclusion of minorities or that black persons have been underrepresented on Broome County juries for a significant period of time *(see, People v Tucker,* 115 AD2d 175, *lv denied* 67 NY2d 766; *see also, People v Guzman,* 60 NY2d 403, *cert denied* 466 US 951).

Defendant further contends that he was denied a fair trial by reason of prejudicial pretrial publicity. Inasmuch as defendant did not exhaust his peremptory challenges and the record reveals that all jurors with any prior knowledge of the pretrial publicity averred that they could be fair and would consider only the evidence adduced at trial in arriving at their verdict, defendant has failed to demonstrate that he was denied a fair trial *(cf., People v Knapp,* 113 AD2d 154, *cert denied* 479 US 844).

We find equally without merit defendant's contention that the prosecutor's remarks during summation were so prejudicial as to require reversal. We note that defendant failed to object to the People's summation and the issue has thus not been preserved for appellate review *(see, People v Longo,* 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906). Moreover, the comments do not warrant reversal as an exercise of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Weiss, P. J., Yesawich Jr., Levine and Mahoney, JJ., concur. Ordered that the judgment is affirmed.