■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ALLEN, Appellant. [597 NYS2d 169] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered June 6, 1991, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied the effective assistance of counsel. While it appears that his trial counsel failed to make a timely motion to suppress the physical evidence, it is settled that "a failure to move to suppress physical evidence does not, in and of itself, establish the ineffective assistance of counsel" *(People v Taylor,* 157 AD2d 617, 618; *see also, People v De Mauro,* 48 NY2d 892; *People v Hill,* 122 AD2d 810). Absent a showing that the defense counsel had no legitimate explanation for failing to make the suppression motion, it should "be presumed that counsel acted

in a competent manner and exercised professional judgment" in not pursuing such a motion *(see, People v Rivera,* 71 NY2d 705, 709). Indeed, the present record suggests that there may not have been any colorable basis for a suppression motion *(see, People v Garcia,* 75 NY2d 973; *People v Sullivan,* 153 AD2d 223, 231). In addition, there is no merit to the defendant's claim that his attorney had any conflict of interest substantially related to the conduct of the defense *(see, People v McDonald,* 68 NY2d 1, 9). Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.