■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CASSEUS, Appellant. [606 NYS2d 21] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 8, 1990, convicting him of assault in the first degree, reckless endangerment in the first degree, and endangering the welfare of a child, under Indictment No. 1737/89, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered February 8, 1990, revoking a sentence of probation previously imposed by the same court under Indictment No. 7282/88, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

On February 1, 1989, at approximately 12:30 P.M., a shooting erupted at the Cypress Hills Housing Projects in Brooklyn. While a mother and her two small children were seeking cover between two cars in a parking lot, the defendant grabbed one of the children and held the child up in front of him, using the child as a "human shield" to block the line of gunfire. The child was shot and seriously wounded.

The defendant contends that the evidence adduced at trial was insufficient to establish his identity as the perpetrator. We disagree. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant further contends that the testimony of the two main prosecution witnesses was so filled with inconsistencies as to render their accounts of the shooting incident incredible as a matter of law. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily issues to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). In this case, the witnesses agreed on all material points of the incident, including a description of the clothes worn by the defendant and the fact that the defendant, who received a gunshot wound in the leg during the incident, had limped away after releasing the child. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Green,* 185 AD2d 992; *People v Bigelow,* 106 AD2d 448, 449).

The trial court did not err in permitting the prosecutor to cross-examine a defense witness regarding her failure to contact the police after she learned the defendant had been arrested. The prosecutor laid a proper foundation for that questioning and refrained from implying that the witness had an obligation to come forward. Moreover, the trial court properly instructed the jury that the witness had no duty to come forward *(see, People v Dawson,* 50 NY2d 311; *People v Allen,* 177 AD2d 700; *People v Davis,* 172 AD2d 553, 554).

We have reviewed the defendant's remaining contentions and find that they are without merit. Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.