■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SLOAN, Appellant. [609 NYS2d 67] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered February 26, 1992, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence of physical injury was insufficient to support the conviction for assault in the third degree is unpreserved for appellate review as the defendant never specifically raised this issue at trial *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641; *People v Reilly,* 47 NY2d 860, 861; *People v Vega,* 183 AD2d 864, 865). In any event, viewed in a light most favorable to the prosecution, we are satisfied that the evidence of "substantial pain" necessary to establish physical injury within the meaning of Penal Law § 10.00 (9) was legally sufficient to support the conviction for assault in the third degree. The victim testified that the defendant, during a confrontation, slapped her head and face with the back of his hand seven or eight times, pushed her head against a wall, and caused her head to hit a door. The incident resulted in a bruised or blackened eye, red marks on her neck, a swollen face, and a "constant headache". Following the incident the victim sought treatment at Southampton Hospital. Based on these facts, the determination of the jury should not be disturbed *(see, Matter of Ramon M.,* 109 AD2d 882; *Matter of Isaac W.,* 89 AD2d 831; *see also, People v Brooks,* 155 AD2d 680, 681; *People v Harper,* 145 AD2d 933, *affd* 75 NY2d 313).

The defendant's challenge to the racial composition of the jury panel was waived by his failure to advance that challenge in writing to the trial court prior to the selection of the jury *(see,* CPL 270.10 [2]; *People v Parks,* 41 NY2d 36, 41; *People v Consolazio,* 40 NY2d 446, 455, *cert denied* 433 US 914). Further, the defendant did not sufficiently specify the facts constituting the ground of his challenge as required by CPL 270.10 (2) *(see, People v Mitchell,* 155 AD2d 695; *People v Haye,* 154 AD2d 392). Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.