■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD CAMERON, Appellant. [631 NYS2d 717] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Goldstein, J.), rendered May 12, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After the defendant was convicted, he filed a timely notice of appeal, but was unable to perfect the appeal, because the court reporter who recorded his trial refused to transcribe the minutes. The Legal Aid Society, the defendant's appointed appellate counsel, made fruitless attempts over a two and one-half year period to obtain the minutes from the reporter, after which the reporter was held in contempt of court, fined, and sentenced to 30 days imprisonment. After serving his sentence, the reporter was released from custody without ever having produced the minutes. Consequently, the defendant moved for summary reversal of his judgment of conviction. By order dated May 26, 1994, this Court denied the defendant's motion, and instead referred the matter to the Supreme Court for a reconstruction hearing. However, before the hearing could be held, the District Attorney obtained the missing minutes from the court reporter, and consequently, the reconstruction hearing was adjourned to give the court reporter's office time to transcribe the minutes.

In late November 1994, the Chief Court Reporter for Kings County informed the court that while most of the trial transcript had been transcribed, the minutes of the voir dire proceedings were incapable of being transcribed. Thereafter, after receiving affidavits from the defendant's trial counsel, the Trial Judge, and the prosecutor, all of whom affirmed that they had no recollection whatsoever regarding the voir dire proceedings, the hearing court determined that the voir dire minutes could not be reconstructed.

We agree with the defendant that the actions of the court reporter preclude effective appellate review and conclude that the appropriate remedy is reversal of his judgment of conviction and a new trial.

While the absence of a stenographic record does not, per se, require reversal, a defendant's judgment of conviction will be reversed if it is demonstrated that he or she has been prejudiced by its absence (see, People v Harrison, 85 NY2d 794; People v Glass, 43 NY2d 283; People v Fearon, 13 NY2d 59). If the record can accurately be reconstructed, no prejudice results from its loss (see, People v Glass, 43 NY2d, supra, at 286). There is a presumption of regularity and validity which attaches to all judgments of conviction (see, People v Suren, 131 AD2d 896),

and the unavailability of a stenographic record, in and of itself, will not rebut that presumption *(see, People v Harrison, supra; People v Glass, supra).*

Under the unique circumstances of this case, including (1) the reporter's failure to transcribe the minutes for over a four-year-period, and (2) the fact that no one had any independent recollection of the voir dire proceedings, the defendant was clearly prejudiced *(cf., People v Rivera,* 39 NY2d 519, 523). Accordingly, since it was impossible to establish specific appealable and reviewable issues with respect to the voir dire proceedings, and since an alternative method of providing an adequate record is unavailable, reversal and a new trial are warranted.

The defendant's claim that the integrity of the Grand Jury proceeding was impaired is without merit.

In light of our determination, we need not address the defendant's remaining contentions. Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.