■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BATTLE, Appellant. [634 NYS2d 192] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered September 22, 1993, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the racial composition of the jury panel was waived by his failure to make that challenge in writing to the trial court prior to the selection of the jury (see,

CPL 270.10 [2]; *People v Parks,* 41 NY2d 36, 41; *People v Conso-lazio,* 40 NY2d 446, 455, *cert denied* 433 US 914; *People v Sloan,* 202 AD2d 525; *People v Haye,* 154 AD2d 392). Even in the absence of this procedural obstacle, however, the defendant's failure to demonstrate that the claimed underrepresentation of blacks was the result of systematic exclusion, i.e., "inherent in the particular jury-selection process utilized" (*Duren v Missouri,* 439 US 357, 366), requires rejection of his challenge (*see, People v Guzman,* 60 NY2d 403, 411, *cert denied* 466 US 951; *People v Blake,* 170 AD2d 613, 614; *People v Haye, supra*).

Reversal is not warranted because of the failure to record the entire voir dire proceedings since the defendant has failed to demonstrate any prejudice (*see, People v Harrison,* 85 NY2d 794, *People v Fearon,* 13 NY2d 59, 61; *People v Cameron,* 219 AD2d 662).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.