■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HOBSON, Also Known as LOVE BA-RASUL RASULALA, Appellant. [643 NYS2d 610] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered August 2, 1993, convicting him of attempted murder in the second degree and robbery in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"The Sixth Amendment requires that jury panels be drawn

from a source representing a 'fair cross section' of the community in which the defendant is tried * * * In other words, the Sixth Amendment guarantees the opportunity for a representative jury venire, not a representative venire itself" (*United States v Jackman,* 46 F3d 1240, 1244). In determining whether there has been a violation of the "fair cross section" requirement, the court must consider (1) whether the group alleged to be excluded is a "distinctive" group within the community, (2) that the representation from this group is not fair and reasonable in relation to the number of such persons in the community, and (3) "that this underrepresentation is due to systematic exclusion of the group in the jury-selection process" (*Duren v Missouri,* 439 US 357, 364). While the defendant, an African-American, demonstrated that he was a member of a "distinctive group", he failed to substantiate his claim that the African-American community was underrepresented in jury pools in Suffolk County, as a result of a "systematic exclusion" of these individuals in the jury-selection process (*see, People v Guzman,* 60 NY2d 403, 411; *People v Battle,* 221 AD2d 648; *People v Woolfolk,* 192 AD2d 883; *People v Bessard,* 148 AD2d 49). Accordingly, we reject the defendant's contention that the process for generating the jury pool was unconstitutional.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.