◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CARR, Appellant. [645 NYS2d 320] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 1, 1995, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court's denial of his request to record the sidebar conferences violated Judiciary Law § 295 and that a reversal of his conviction is warranted. We disagree.

The defendant waived his right to be present at voir dire sidebar conferences, stating that he would rely on his counsel's judgment. As his counsel made no requests to have the sidebar conferences recorded, and there has been no demonstration that the defendant was prejudiced by the absence of a record of these conferences, a reversal of his conviction is not warranted (*see, People v Harrison,* 85 NY2d 794; *People v Battle,* 221 AD2d 648; *People v Cameron,* 219 AD2d 662).

Also unavailing is the defendant's contention that the court's *Sandoval* ruling improperly compromised his ability to testify in his own defense. Exclusion of a defendant's prior bad acts for impeachment purposes rests " 'largely, if not completely', within the sound discretion of the trial court' " (*People v Gray,* 84 NY2d 709, 714, quoting *People v Shields,* 46 NY2d 764, 765; *see also, People v Walker,* 83 NY2d 455, 458-459; *People v Thomas,* 198 AD2d 531, 531-532). The court properly balanced the prejudicial effect against the probative value (*see, People v Walker, supra; People v Sandoval,* 34 NY2d 371) in allowing the People to inquire about the defendant's prior theft and trespass convictions, and about the underlying facts of the violations of protective orders. These offenses involve the defendant's credibility and demonstrate his willingness "to further [his] self-interest at the expense of society or in derogation of the interest of others" (*People v Sandoval, supra,* at 377; *People v Marsala,* 122 AD2d 80; *People v Byrd,* 173 AD2d 549). O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.