■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CHIMELIS, Appellant. [648 NYS2d 995] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 18, 1989 *(People v Chimelis,* 156 AD2d 577), affirming a judgment of the Supreme Court, Kings County, rendered March 24, 1988.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel *(see, Jones v Barnes,* 463 US 745). Mangano, P. J., Bracken, Rosenblatt and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CORONA, Appellant. [648 NYS2d 1010] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered October 12, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). A jury may convict a person of criminal sale of a controlled substance even though, as here, no prerecorded money or controlled substances were recovered *(see, People v Vickers,* 177 AD2d 608; *People v Brown,* 208 AD2d 414). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.