■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN JOSEPH, Appellant. [665 NYS2d 315] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 5, 1996, convicting him of attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to prove that he had the intent to commit the crime of attempted robbery was unpreserved for appellate review because the defendant's motion for a trial order of dismissal was not sufficiently specific (*see, People v Gray,* 86 NY2d 10, 20-21; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL LANGSTON, Also Known as LEONARD DAWKINS, Appellant. [663 NYS2d 629] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered February 14, 1996, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's statement during the police inventory of his personal property at or shortly after his arrest, was made in response to a routine booking question. The officer's request that the defendant count the money found on his person was reasonably related to the officer's administrative concerns and was not likely to elicit an incriminating admission. Therefore the suppression of the defendant's response was properly denied (*see, People v Rodney,* 85 NY2d 289). Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.