■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN BRANCH, Appellant. [665 NYS2d 674] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered May 24, 1995, convicting him of criminal possession of a controlled substance in the third degree (four counts) and criminal sale of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the racial composition of the jury panel was waived by his failure to make that challenge in writing to the trial court prior to the commencement of jury selection (*see,* CPL 270.10 [2]; *People v Prim,* 40 NY2d 946; *People v Haye,* 154 AD2d 392). Even in the absence of this procedural obstacle, however, the defendant's failure to demonstrate that the claimed underrepresentation of blacks and Hispanics was the result of systematic exclusion, i.e., exclusion "inherent in the particular jury-selection process utilized" (*Duren v Missouri,* 439 US 357, 366), would require rejection of his challenge (*see, People v Guzman,* 60 NY2d 403, 411, *cert denied*

466 US 951; *People v Hobson,* 227 AD2d 643; *People v Battle,* 221 AD2d 648).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.