THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CHRISTOPHER BRADLEY, Appellant. [668 NYS2d 788] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [3]). We conclude that the conviction is supported by legally sufficient evidence and that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that the Trial Judge erred in refusing to reconsider the *Sandoval* ruling by the Judge initially assigned to the case. There is no requirement that the Judge who tries a case make the *Sandoval* ruling. Moreover, the Trial Judge properly relied on the doctrine of law of the case in refusing to reconsider a ruling of a Judge of coordinate jurisdiction in the course of the same litigation (*see generally, People v Williams*, 188 AD2d 573, *lv denied* 81 NY2d 894; *People v Broome*, 151 AD2d 995). Additionally, there is no evi-

dence in the record to support defendant's allegations that the original Judge assigned to the case was removed based on a statutory disqualification (*see,* Judiciary Law § 14).

Defendant contends that he is entitled to a new trial because of prosecutorial misconduct. He asserts that the prosecutor failed to instruct a witness, pursuant to the directive of the Trial Judge, that no reference was to be made to defendant's prior trial and that the witness on cross-examination referred to defendant's prior trial. That single instance of misconduct did not deprive defendant of a fair trial, and thus reversal is not warranted (*see, People v Curley,* 159 AD2d 969, 970, *lv denied* 76 NY2d 733; *People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

Because defendant failed to make a timely written motion challenging the panel of prospective jurors (*see,* CPL 270.10 [2]), he has waived his right to challenge the racial composition of the jury panel (*see, People v Battle,* 221 AD2d 648, *lv denied* 88 NY2d 844). In any event, defendant's conclusory assertions are insufficient to demonstrate that the underrepresentation of blacks was the result of systematic exclusion (*see, People v Battle, supra; People v Woolfolk,* 192 AD2d 883, 884, *lv denied* 82 NY2d 729; *People v Haye,* 154 AD2d 392, 393). Finally, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Niagara County, Howe, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.