■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON FAULK, Appellant. [673 NYS2d 715] —Appeal by the defendant from two judgments of the County Court, Westchester County (Leavitt, J.), both rendered March 13, 1995, convicting him of forgery in the second degree (four counts), bail jumping in the second degree, and criminal possession of stolen property in the fourth degree under Indictment No. 94-00169, and burglary in the second degree (two counts) under Indictment No. 94-00337, upon jury verdicts, and imposing sentences. The appeal under Indictment No. 94-00337 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgments are affirmed.

By failing to comply with the requirements of CPL 270.10, the defendant waived any objections he may have had to the composition of the jury panel (*see also, People v Branch,* 244 AD2d 562; *People v Battle,* 221 AD2d 648; *People v Sloan,* 202 AD2d 525; *People v Boudin,* 87 AD2d 133). Furthermore, the written motion that the defendant submitted on this issue was patently deficient because it failed to allege facts demonstrating that the claimed underrepresentation of black persons on the jury was the result of systematic exclusion (*see, e.g., People v Hobson,* 227 AD2d 643; *People v Magee,* 208 AD2d 977).

With regard to the defendant's challenge to the showup identifications under Indictment No. 94-00337, the facts adduced at the trial may not be considered in connection with our evaluation of the hearing court's determination (*see, People v Taylor,* 206 AD2d 904; *People v Ore,* 157 AD2d 749). The hearing court properly determined that the showup identifications

were not unduly suggestive, given the close spatial and temporal proximity to the commission of the crime (*see, e.g., People v Duuvon,* 77 NY2d 541; *People v Riley,* 70 NY2d 523; *People v Rosa,* 231 AD2d 534; *People v Suarez,* 201 AD2d 747). Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.