■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD CHESTER, Appellant. [701 NYS2d 660] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered June 24, 1998, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606).

The defendant has not raised any nonfrivolous issues in his supplemental *pro se* brief. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CLINTON, Appellant. [701 NYS2d 647] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered July 14, 1997, convicting him of manslaughter in the first degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt and to disprove his defense of justification were not preserved for appellate review by his motion for a trial order of dismissal (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-21; *People v Vella,* 247 AD2d 642; *People v Joseph,* 243 AD2d 728; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt and to disprove his justification defense beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Friedmann, Florio and H. Miller, JJ., concur.