■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BORUM, Appellant. [739 NYS2d 634] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered October 23, 2000, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted based upon evidence that he sold crack cocaine to an undercover police officer for $30 during a buy-and-bust operation. Within minutes of the sale, the defendant and his codefendant were arrested at the location where the transaction took place and their identities were confirmed by the undercover officer during a drive-by identification. At trial, the undercover officer identified the defendant and his codefendant as the perpetrators of the crime.

The defendant's claim that the verdict was against the weight of the evidence is without merit. Although no prerecorded money or drugs were recovered, that fact was before the jury, which had the opportunity to weigh the evidence and resolve issues of credibility (see People v Gaimari, 176 NY 84; People v Morales, 234 AD2d 568; People v Gamble, 173 AD2d 555, 556). The jury determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see People v Garafolo, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 83). O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.