■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT YOUNGER, Appellant. [749 NYS2d 100] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McKay, J.), rendered June 14, 2001, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal sale of a controlled substance in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, the defendant was positively identified by the undercover detective who purchased the controlled substance he was convicted of selling. The undercover detective observed the defendant for one to two minutes, at fairly close range in daylight, as the undercover detective approached the defendant on the street. During the transaction, the undercover detective was face-to-face with the defendant at less than arm's length when the defendant handed him the controlled substance and took the prerecorded buy money from him. The undercover detective identified the defendant approximately three to five minutes later, as the defendant was placed under arrest, and the arresting officer found some of the prerecorded buy money in the defendant's pocket.

Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Although not all the prerecorded buy money was recovered from the defendant, the jury had the opportunity to weigh the evidence regarding the undercover detective's identification, and to credit his testimony (*see People v Gamble,* 173 AD2d 555, 556). Florio, J.P., S. Miller, Adams and Crane, JJ., concur.