■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS MOODY, Appellant. [751 NYS2d 542] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered February 13, 2001, convicting him of criminal sale of a controlled substance in the third degree and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted based upon evidence that he sold crack cocaine to an undercover police officer for $20 during a buy-and-bust operation. When the field team approached the defendant, he ran and the pursuing officers lost sight of him for "seconds" on two occasions. Immediately after his apprehension, the undercover police officer and her "ghost" identified the defendant as the seller.

The defendant's claim that the verdict was against the weight of the evidence is without merit. Although no prerecorded money or drugs were recovered, those facts were before the trier of fact, which had ample opportunity to weigh the evidence and resolve issues of credibility (*see People v Gaimari,* 176 NY 84; *People v Borum,* 293 AD2d 483, *lv denied* 98 NY2d 694). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Further, the right to a public trial may be waived (*see People*

v Miller, 257 NY 54), and was waived here when the defense counsel and the defendant expressly consented to closure of the courtroom during the undercover officer's testimony (see People v Roque, 291 AD2d 417, lv denied 98 NY2d 680).

The defendant's remaining contention is without merit. Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.