■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON DeLEON, Appellant. [825 NYS2d 781]—

Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered June 5, 2002, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of counsel is without merit. The record indicates that there was no colorable basis to suppress either the complainant's identification of the defendant (*see People v Edmonson*, 75 NY2d 672, 677 [1990], *cert denied* 498 US 1001 [1990]; *People v Nieves*, 26 AD3d 519, 520 [2006]; *Matter of Kassan D.*, 282 AD2d 747, 747-748 [2001]) or the defendant's statement made in response to a routine booking question (*see People v Rodney*, 85 NY2d 289, 293 [1995]; *People v Acevedo*, 258 AD2d 140, 143 [1999]; *People v Langston*, 243 AD2d 728, 728 [1997]). As the defendant failed to make a showing that defense counsel had no legitimate explanation for failing to make the suppression motion, it should "be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing" such a motion (*People v Montana*, 71 NY2d 705, 709 [1988]; *see People v Cabo*, 228 AD2d 689, 689 [1996]; *People v Allen*, 193 AD2d 609, 609-610 [1993]). Likewise, the defendant failed to show that defense counsel's ultimate decision not to put into writing his oral motion pursuant to CPL 270.10 was not "legitimately based on the justifiable belief that there [was] no 'colorable' basis to do so" (*People v DeFreitas*, 213 AD2d 96, 101 [1995], quoting *People v Garcia*, 75 NY2d 973, 974 [1990]; *see Duren v Missouri*, 439 US

357, 364 [1979]; *People v Faulk,* 251 AD2d 345 [1998]; *People v Branch,* 244 AD2d 562 [1997]; *People v Hobson,* 227 AD2d 643, 644 [1996]). Defense counsel's failure to object to the prosecutor's remarks during summation was not unreasonable, as the subject remarks were made "in response to the defense counsel's comments on credibility and the conflicts between the testimony of the prosecution's witnesses and the defendant's testimony" (*People v Phillips,* 285 AD2d 477, 478 [2001]; *see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Ashwal,* 39 NY2d 105 [1976]; *People v Adamo,* 309 AD2d 808, 809 [2003]), and "the issue of credibility was central to the trial" (*People v Banks,* 258 AD2d 525, 526 [1999]; *see People v Crawford,* 130 AD2d 678 [1987]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Moody,* 300 AD2d 510, 510 [2002]; *People v Younger,* 299 AD2d 431, 431 [2002]; *People v Borum,* 293 AD2d 483, 484 [2002]; *People v Corona,* 232 AD2d 652, 652 [1996]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]). Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.