■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY W. HARDY, Appellant. [832 NYS2d 722]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 17, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the first degree, assault in the second degree (three counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [4]) arising out of the death of a two-year-old girl. We reject the contention of defendant that County Court erred in denying his motion for a change of venue to a court outside Jefferson County. The motion was made prior to jury selection and was therefore premature (*see People v*

*Mateo*, 239 AD2d 965 [1997]). Furthermore, defendant failed to preserve for our review his challenge to the venue of the trial inasmuch as he failed to renew his motion for a change of venue after his initial motion was denied (*see People v Brockway*, 255 AD2d 988 [1998], *lv denied* 93 NY2d 967 [1999]). In any event, the record fails to establish that any of the selected jurors had formed an opinion with respect to defendant's guilt or innocence based on news reports of the events underlying the crimes.

Defendant failed to comply with the requirements of CPL 270.10 (2) and thus waived his challenge to the racial composition of the jury panel (*see People v Bradley*, 247 AD2d 929 [1998], *lv denied* 91 NY2d 940 [1998]). In any event, defendant failed to demonstrate that a specific race was systematically excluded from the panel (*see id.*).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). Finally, defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 146-147 [1981]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.