■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LENOIR, Appellant. [871 NYS2d 201]

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Vigil,* 31 AD3d 794 [2006]; *People v Davis,* 9 AD3d 468 [2004]; *People v Rodriguez,* 238 AD2d 447 [1997]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). We find that the jury properly credited the testimony of police witnesses notwithstanding any minor discrepancies and inconsistencies in that testimony (*id.*).

The defendant's contention that certain comments by the prosecutor were improper is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the comments were within the bounds of permissible rhetoric, fair comment on the evidence, or a fair response to defense counsel's summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Applewhite*, 50 AD3d 1046 [2008]; *People v Hayes*, 48 AD3d 831 [2008]; *People v McHarris*, 297 AD2d 824, 825 [2002]). Defense counsel's failure to object to the prosecutor's remarks during summation did not constitute ineffective assistance of counsel where the subject remarks were made in response to defense counsel's comments on credibility and conflicts between the testimony of the prosecution's witnesses and that of the defense witnesses (*see People v DeLeon*, 35 AD3d 758 [2006]). Mastro, J.P., Florio, Eng and Chambers, JJ., concur.