THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE RAND, Also Known as FRANK RUSHAN, Appellant. [872 NYS2d 155]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered December 8, 2004, convicting him of kidnapping in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the evidence was legally insufficient to prove, beyond a reasonable doubt, that he abducted the victim by either secreting or holding her in a place where she was not likely to be found or by using or threatening to use deadly force (*see* Penal Law § 135.00 [2]). The defendant's legal insufficiency claim is not preserved for appellate review to the extent it is premised upon whether there was legally sufficient evidence to prove, beyond a reasonable doubt, that he abducted the victim by using or threatening to use deadly force (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Payne*, 3 NY3d 266, 280 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Thibodeau*, 267 AD2d 952 [1999]; *People v Salimi*, 159 AD2d 658 [1990]).

In fulfilling our responsibility to conduct an independent

review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was afforded meaningful representation (*see People v Henry*, 95 NY2d 563 [2000]; *People v Hobot*, 84 NY2d 1021 [1995]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Acevedo*, 44 AD3d 168, 173 [2007]; *People v Dolan*, 2 AD3d 745 [2003]; *People v Groonell*, 256 AD2d 356, 357 [1998]).

The defendant's remaining contentions raised in points II and III of his brief are not preserved for appellate review. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.