■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC MILLER, Appellant. [919 NYS2d 353]—

As correctly conceded by the People, the trial court erred in failing to grant the defendant's request to instruct the jury that an eyewitness is not obligated to come forward to law enforcement officials upon learning of the defendant's arrest (*see People v Dawson*, 50 NY2d 311 [1980]; *People v Bryan*, 55 AD3d 921 [2008]; *People v Paasewe*, 276 AD2d 807 [2000]; *People v Casseus*, 199 AD2d 525 [1993]; *People v Allen*, 177 AD2d 700 [1991]; *People v Reed*, 83 AD2d 645 [1981]). However, under the circumstances, the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Archie*, 200 AD2d 676 [1994]; *People v Davis*, 172 AD2d 553 [1991]).

The defendant was not deprived of his right to a public trial (*see* US Const, 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones*, 96 NY2d 213 [2001]). Although the defendant initially objected to the exclusion of his girlfriend during an undercover officer's testimony, defense counsel subsequently withdrew this objection in the defendant's presence. Accordingly, the defendant waived his right to have his girlfriend present during this portion of the trial (*see People v Moody*, 300 AD2d 510 [2002]; *People v Roque*, 291 AD2d 417 [2002]).

The defendant was afforded meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Rand*, 58 AD3d 758 [2009]). Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.