People v Sivco (2021 NY Slip Op 50321(U))

[*1]

People v Sivco (Scott)

2021 NY Slip Op 50321(U) [71 Misc 3d 132(A)]

Decided on April 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-1846 S CR

The People of the State of New York,
Respondent,
against
Scott G. Sivco, Appellant. 

Raymond Negron, for appellant.
Suffolk County District Attorney (Michael J. Brennan of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Shelter Island, Suffolk County
(Mary-Faith Westervelt, J.), rendered December 11, 2019. The judgment convicted defendant,
upon a jury verdict, of menacing in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with menacing in the third degree (Penal Law
§ 120.15). At a jury trial, the complainant testified that defendant, his co-worker, walked
towards him at a fast pace, displayed what appeared to be a knife, and pushed the object into the
complainant's stomach. The complainant further testified that defendant's actions scared him and
that he feared what defendant would do to him. An eyewitness provided the same account of the
incident as had the complainant, and testified that the complainant appeared to be scared. The
responding police officer testified that, when he arrived at the scene approximately one minute
after the complainant's 911 call, the complainant appeared to be "very frightened, he was
shaking" and his "speech was kind of stuttered." The responding officer's testimony also included
his conversation with the complainant at the scene, specifically, what the complainant told him
had occurred.
Following the trial, the jury found defendant guilty of menacing in the third degree.
Defendant contends, for the first time on appeal, that, since the jury pool was "limited" to
residents of the five eastern townships of Suffolk County, which includes the Town of Shelter
Island, defendant's right to a fair trial was violated since these residents have a bias towards
people, such as defendant, who are not from Shelter Island. However, defendant never objected
to the jury pool. "By failing to comply with the requirements of CPL 270.10, . . . defendant
waived any objections he may have had to the composition of the jury panel" (People v
Faulk, [*2]251 AD2d 345, 345 [1998]). Furthermore, it is
well established that defendants are not entitled to a jury of any particular composition (see
Taylor v Louisiana, 419 US 522, 528 [1975]).
Next, defendant challenges the legal sufficiency of the trial evidence. "To preserve for . . .
review a challenge to the legal sufficiency of a conviction, a defendant must move for a trial
order of dismissal, and the argument must be 'specifically directed' at the error being urged. . . .
[G]eneral motions simply do not create questions of law for . . . review" (People v Hawkins, 11 NY3d 484,
492 [2008] [citations omitted]; see CPL 470.05 [2]). Here, defendant's legal sufficiency
contention was not preserved for appellate review as trial counsel's motion for a trial order of
dismissal lacked specificity concerning how the People's case failed to establish defendant's guilt
of menacing in the third degree beyond a reasonable doubt.
In any event, evidence adduced at a trial is legally sufficient to support a guilty verdict if it is
"competent evidence which, if accepted as true, would establish every element of an offense
charged and the defendant's commission thereof" (CPL 70.10). Thus, if after the trial evidence
and all reasonable inferences thereof are viewed in the light most favorable to the People (see People v Gordon, 23 NY3d
643, 649 [2014]; People v Contes, 60 NY2d 620, 621 [1983]), "any valid line of
reasoning and permissible inferences could lead a rational person to the conclusion reached by
the fact finder" (People v Hines, 97 NY2d 56, 62 [2001] [internal quotation marks
omitted]), the evidence is legally sufficient.
A person commits menacing in the third degree when, "by physical menace, he or she
intentionally places or attempts to place another person in fear of death, imminent serious
physical injury or physical injury" (Penal Law § 120.15). If, based on the evidence, it may
be inferred that the defendant intended to place a complainant in fear of death, imminent serious
physical injury or imminent physical injury, the evidence is legally sufficient (see e.g. People v Bryant, 13 AD3d
1170, 1171 [2004] ["Here, there is legally sufficient evidence from which the jury could
infer that defendant intended to place the victim in reasonable fear of physical injury by, inter
alia, displaying a tire iron"]; People v
Ballard, 46 Misc 3d 145[A], 2015 NY Slip Op 50210[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015] [affirming defendant's conviction where the complainant testified
that defendant threatened to beat her after displaying and snapping his belt]). Here, given the
nature of defendant's act and the complainant's testimony to the effect that he feared death,
imminent serious physical injury, or physical injury, we find that the evidence, viewed in the
light most favorable to the People (see People v Contes, 60 NY2d 620), was legally
sufficient to establish defendant's guilt of menacing in the third degree beyond a reasonable
doubt.
Next, defendant contends that the Justice Court erred in allowing the responding officer to
testify about his conversation with the complainant. At the outset, it is noted that defendant's
contention was properly preserved for appellate review, as defense counsel made a specific
objection with respect thereto during trial (see CPL 470.05 [2]). We further note that the
officer's testimony was clearly hearsay. Assuming, without deciding, that no exception to the
hearsay rule applies, the question remains whether any such error was harmless.
"[H]armless error analysis is applied to trial errors, where evidence, argument, or instruction
was improperly presented to, or improperly precluded from, the jury during trial" (People v Flores, 153 AD3d 182,
194 [2017], affd 32 NY3d 1087 [2018]). The Court of Appeals has made it clear that
"every error of law (save, perhaps, one of sheerest technicality) is, ipso [*3]facto, deemed to be prejudicial and to require a reversal, unless
that error can be found to have been rendered harmless by the weight and the nature of the other
proof" (People v Crimmins, 36 NY2d 230, 241 [1975]). However, the analysis does not
end there. Rather, "[f]urther inquiry must accordingly be made by the appellate court as to
whether, notwithstanding the overwhelming proof of the defendant's guilt, the error infected or
tainted the verdict" (id. at 242). Thus, "an error is prejudicial in this context if the
appellate court concludes that there is a significant probability, rather than only a rational
possibility, in the particular case that the jury would have acquitted the defendant had it not been
for the error or errors which occurred" (id.).
Here, we find that there was no significant probability that the jury would have acquitted
defendant absent the error. There was testimony from both the complainant and an eyewitness
that defendant displayed what initially appeared to be a knife, and that he then walked up to the
complainant at a fast pace and pushed the object into the complainant's stomach. The
complainant testified that he was scared and feared what the defendant was going to do to him,
and an eyewitness testified that the complainant looked scared and that he thought defendant was
going to stab the complainant. While the responding officer's hearsay testimony arguably
bolstered the complainant's testimony, it did not "infect[ ] or taint[ ] the verdict" (id.).
Even absent the officer's hearsay testimony, the evidence of defendant's guilt was overwhelming
and any improper bolstering was harmless (see People v Rice, 75 NY2d 929 [1990]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 15, 2021